UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:08CV166 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Darnell Moon claims his offense level should have been reduced at sentencing, and he now seeks a corrected sentence. This matter is before me on his motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Because Moon's claims are procedurally barred and without merit I will deny his petition.

**I.     Background**

On August 23, 2007, Moon was indicted, with two other individuals, for armed bank robbery. Count I of the indictment charged that the three men robbed the Bank of New Madrid in Lilborn, Missouri on August 17, 2007, with the use of a dangerous weapon and that deposits of the bank were insured by the Federal Deposit Insurance Corporation. This offense was in violation of 18 U.S.C. §§ 2, 2113(a), and 2113(d). Count II charged Moon with conspiracy under 18 U.S.C. §§ 1951(a)(b)(1) and (b)(3).

On January 23, 2008, Moon entered a plea of guilty to Counts I and II. Moon did not waive any of his rights to file a direct appeal or a 28 U.S.C. § 2255 petition. The plea agreement states that robbers brandished handguns during the robbery. At the conclusion of the robbery the

bank tellers were ordered into the bank's vault and the door was closed. Moon and his two accomplices fled the bank on foot.

In the pre-sentence report's calculation of Moon's offense level under Count I, two levels were added under U.S.S.G. § 2B3.1(b)(4)(B) because people in the bank were physically restrained by being placed in the vault during the robbery to facilitate Moon's getaway from the bank.

At the sentencing hearing on March 18, 2008, Moon objected to the pre-sentence report's calculation of a two-level increase for physically restraining the bank employees. Moon asserted that placing the employees in the vault did not qualify as physical restraint under the guideline because the door was not locked and the employees were not tied-up or otherwise incapacitated. I denied Moon's objection at the hearing. I sentenced Moon to 78 months imprisonment, the low end of the guideline range, for both Counts I and II, to run concurrently, followed by a term of supervised release of three years.

Moon filed a notice with the Court on March 27, 2008 that he knowingly decided not to file an appeal of his sentencing.

## II. Grounds for Relief

In his § 2255 motion filed on November 19, 2008, Moon asks that his sentence of 78 months imprisonment be set aside, vacated, and corrected. Moon raises the following grounds for relief:

(1)  The trial court erred by not the sustaining his objection to the physical restraint enhancement under 2B3.1(b)(4)(B) at the sentencing hearing.

(2)  The trial court should have given Moon a sentence below the low end of the guideline range under U.S.S.G. § 5K2.0 and / or 18 U.S.C. § 3553(a).

**III.    Analysis**

   *(A)    Evidentiary Hearing*

A § 2255 petitioner is entitled to an evidentiary hearing on his claim unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007).  Furthermore, "vague and conclusory" allegations alone do not warrant an evidentiary hearing.  United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995).  A hearing is unnecessary when a section 2255 motion is (1) inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case.  United States v. McGill, 11 F.3d 223, 225-226 (1st Cir. 1993)(internal citations and quotations omitted).  "In other words, a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible."  Id.

Because all the information necessary to reach a decision in this case can be found in the record and there is no dispute of fact, an evidentiary hearing in the present case is not warranted. Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993).

   *(B)    Procedural bar of claims*

A section 2255 motion is not a substitute for a direct appeal.  Challenges to sentencing guidelines as applied to a sentence should be raised in the first instance on direct appeal.[1]  Auman

---

[1] An exception is a challenge to a sentence that was imposed in excess of the maximum authorized by law.  This exception does not apply in the present matter.

v. United States, 67 F.3d 157, 161 (8th Cir. 1995). Moon may not obtain section 2255 relief for alleged errors that he failed to appeal unless he can show both cause and prejudice. Id. citing United States v. Wilson, 997 F.2d 429 (8th Cir. 1993).

Moon did not raise either of his present claims in a direct appeal from his sentence. Nor has he offered any cause for failing to do so. The United States has requested that this petition be denied based on the procedural default of Moon's claims.

Because Moon failed to raise these claims on direct appeal they are procedurally defaulted and cannot be raised for the first time in the present proceeding. As a result, Moon's petition shall be denied.

  *(C)*   *Moon's claims fail as a matter of fact and law*

  *Physical restraint*

Moon asserts that he should not have received a two-level increase in his offense level under U.S.S.G. § 2B3.1(b)(4)(B) for physically restraining the bank employees in the vault during the robbery. This issue was raised and ruled upon at the sentencing hearing where I made the determination that the two level enhancement applied in this matter.

Apparently in order to gain more time in their escape from the bank, Moon had the all the tellers move into the vault and the door to the vault was closed. I ruled at the sentencing hearing that this movement of the employees into the vault and the closing of the door qualified for a two-level enhancement under section 2B3.1(b)(4)(B).

In reaching my decision I relied, among other cases, on the Eight Circuit Court of Appeals' ruling in United States v. Schau, 1 F.3d 729 (8th Cir. 1993). In that case the Eighth

Circuit found that the two-level enhancement of the offense level applied where bank employees were ordered into the vault by bank robbers carrying guns. Id. at 730. The fact that the victims were able to free themselves easily because the bank vault was not locked and a chair placed against the vault's door was easily removed did not diminish the fact that the employees were forced to comply to be placed in the vault. Id. At the sentencing hearing I found the holding in Schau applied to the facts in the present case. Moon has not cited any binding authority in his petition that leads me to believed I erred in denying his objection to the two-level enhancement. As a result, this ground for relief is also denied on the merits of the claim.

*Downward variance*

In his second ground for relief, Moon argues that I failed to consider the sentencing factors in his case under 18 U.S.C. § 3553(a) which would have resulted in a reduced sentence. In the alternative, Moon asserts that I erred in not granting him a reduction of his sentence below the guideline range because his case was outside the heartland of cases under U.S.S.G. § 5K2.0.

Moon never made a direct motion for a reduction under section 5K2.0. In his pre-sentence motion Moon sought a reduced sentence under section 3553(a) but noted that "the Court may well determine that it is equally available under provisions of U.S.S.G. § 5K2.0 to the extent that those two sections of sentencing authority may overlap." (Def.s's Sent. Memo at 7)

At sentencing his counsel stated that he was requesting a downward variance under section 3553(a) and "not downward departures with the guidelines structure" (eg. section 5K2.0.). (Sent. Trans. at 19)

Moon's allegation that I failed to consider section 3553(a) factors at his sentencing is

-5-

without a factual basis. The record of the sentencing hearing indicates that I did consider Moon's motion for a downward variance under section 3553(a). At that hearing I concluded that "the minimum guideline sentence is the appropriate sentence under all of the statutory factors under 3553(a)." (Sent. Trans. at 27)

Moon's counsel pursued a downward variance under section 3553(a) instead of section 5K2.0. Moon does not assert that his counsel was constitutionally ineffective for seeking a downward variance under 3553(a) rather than under, or in concert with, section 5K2.0. Even if he had asserted such a claim it would fail because counsel's decision to seek a variance under one statute over another does not amount to ineffective assistance of counsel. See United States v. Sera, 267 F.3d 872, 875 (8th Cir. 2001)(failure to move for a downward departure on one basis cannot be said to be outside the broad range of reasonable legal assistance where counsel alternatively pursued an alternate strategy at sentencing).

Nor did I err by not raising, *sua sponte*, the issue of whether Moon qualified for a downward departure of his sentence under section 5K2.0. United States v. Alvarez-Diaz, 19 Fed. Appx. 465, 466 (8th Cir. 2001)(court did not plainly err by not departing downward in a sentence of its own accord). Nor do the facts of the case support that a downward departure under section 5K2.0 would have been appropriate even if the issue was properly presented.

Accordingly,

**IT IS HEREBY ORDERED that** the motion of Darnell Moon to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED that** Moon's motion for an evidentiary hearing [#3] is **DENIED**.

**IT IS FURTHER ORDERED that** this Court will not issue a certificate of appealability, as Moon has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2009.